MYERS, J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
*775 ¶ 1. On January 28, 2003, Kevin Grehan was terminated from his employment with Jones Davis Associates. Jones Davis maintained that Grehan was terminated for refusing to follow instructions and for damaging company property. Grehan filed for unemployment benefits with the Mississippi Employment Security Commission (“MESC”)[1], but, since he had been terminated for misconduct, his request for unemployment benefits was denied. He appealed the denial of his request, and on April 4, 2003, the appeals referee affirmed the denial of benefits. Grehan again appealed, and on May 15, 2003, the Board of Review adopted the findings of the appeals referee and affirmed the decision to deny benefits. Grehan then appealed to the Circuit Court of DeSoto County, and on February 13, 2004, the circuit court affirmed the decision of the Board of Review. Grehan now appeals, raising the following issue:
WAS GREHAN DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE 14TH AMENDMENT?
¶ 2. Finding no reversible error, we affirm the judgment of the circuit court.
LEGAL ANALYSIS
WAS GREHAN DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE 14TH AMENDMENT?
¶ 3. On appeal to this court, Grehan does not challenge the findings of the circuit court or of the Board of Review. Rather, he argues that his Fourteenth Amendment due process rights were violated. In support of this, Grehan argues that the statute that sets attorney’s fees in cases before MESC effectively deprives citizens of representation, in violation of the Fourteenth Amendment. He argues that this is so because the statute makes the attorney’s fees so low that no attorney will take a case against MESC. Because of this, Grehan maintains that his due process rights were violated, in that he was denied a fair hearing and appeals process.
DISCUSSION
¶ 4. In this case, we will proceed directly to our discussion, without specifically declaring the standard of review, because we need' not consider the appeal here on its merits. This is so because there are two procedural bars to Grehan’s constitutional claim.
¶ 5. First, he fails to specify which statute he is challenging, and he cites to no authority other than the text of Fourteenth Amendment to the United States Constitution. Therefore, Grehan’s arguments on appeal are not only unclear in failing to name a specific statute, but they are also unsupported by citation to authority. On that basis alone we could dismiss his appeal and affirm the judgment of the circuit court, because we are not required to consider arguments on appeal that are unsupported by citation to authority. Byrom v. State, 863 So.2d 836, 863 (¶ 84) (Miss.2003). Further, in this regard we have held that this Court considers unsupported arguments to be abandoned. Jones v. Howell, 827 So.2d 691, 702(¶ 40) (Miss.2002).
¶ 6. Second, Grehan failed to provide notice to the Attorney General, pursuant to Rule 24(d) of the Mississippi Rules of Civil Procedure and Rule 44(a) of the Mississippi Rules- of Appellate Procedure, that the constitutionality of a statute was being challenged, and a failure to comply with M.R.C.P. 24(d) and M.R.A.P. 44(a) can act as a procedural bar on appeal. In *776 re D.O., 798 So.2d 417, 423(¶22) (Miss.2001).
¶ 7. Thus, we find that Grehan’s constitutional argument on appeal, regardless of its merits, is procedurally barred, and we decline to specifically address the constitutional issue he attempts to raise. There is no need for us to discuss the correctness of the decision of the Board of Review or the circuit court, because Grehan does not challenge those decisions. Therefore, we affirm the judgment of the circuit court.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.

. We are aware that the name of the Mississippi Employment Security Commission has been recently changed to the Mississippi Department of Employment Security; however, for purposes of this opinion we will refer to the Department as "MESC.”